Div. 591, 67 N. Y. Supp. 469; Exkorn v. Exkorn, 1 App. Div. 124, 37 N. Y. Supp. 68; Oakes v. Howell, 27 How. Prac. 145.

---

(89 Misc. Rep. 657)

### In re PULITZER'S ESTATE.

(Surrogate's Court, New York County. March, 1915.)

EXECUTORS AND ADMINISTRATORS ⬤�top35—REVOCATION OF LETTERS TESTAMENTARY—GROUNDS—RENUNCIATION OF LEGACY.

Under Code Civ. Proc. § 2685, subd. 1, providing that an executor or trustee, on becoming disqualified by law on grounds not existing when the letters were granted or the appointment made, may be removed, the fact that an executor and trustee elected to claim his regular commission by filing with the surrogate, as authorized by Code Civ. Proc. §§ 2730, 3320, a renunciation of a money legacy given him in lieu of commissions, did not call for a revocation of his letters testamentary, on the

ground that by rejecting the bequest he disqualified himself as executor and trustee.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 227–262; Dec. Dig. ☜35.]

Proceeding for the revocation of letters testamentary and for the removal of Frederick N. Judson, one of the executors and trustees of the estate of Joseph Pulitzer, deceased. Revocation and removal denied.

Arthur C. Train, of New York City, guardian ad litem of Ralph Pulitzer, Jr., for Seward Webb Pulitzer.

George C. Holt, of New York City (Charles P. Howland, of New York City, of counsel), for Frederick Newton Judson.

COHALAN, S. This is a proceeding for the revocation of letters testamentary and for the removal of Frederick N. Judson, one of the executors and trustees of the estate of Joseph Pulitzer. The proceeding is brought on behalf of two infants interested in the estate, by a guardian ad litem appointed for them in an action pending in the Supreme Court for a construction of the Pulitzer will and for the settlement of the accounts of the executors and trustees of the estate. In the Supreme Court action the right of Frederick N. Judson to commissions as executor and trustee of the estate is, or shortly will be, at issue.

Judson was appointed an executor and trustee by a codicil of the will of Joseph Pulitzer, and letters testamentary were duly issued to him and the other executors September 4, 1911. Another codicil to the will bequeathed Judson the sum of $50,000 in lieu of commissions as executor and trustee, except certain commissions upon income, which he was permitted to receive. Judson is a practicing lawyer in St. Louis. He has had charge of the Pulitzer properties in Missouri and has been diligent and active in his duties as executor and trustee. At an early stage in the administration he determined to renounce the legacy of $50,000 and to elect to take his regular commissions. This decision was practically approved by the other executors and trustees, and the formal renunciation was filed in the surrogate's office on or about November 26, 1912. At the time of filing said renunciation section 2730, Code of Civil Procedure, provided:

"Where the will provides a specific compensation to an executor or administrator he is not entitled to any allowance for his services, unless by a written instrument filed with the surrogate, he renounces the specific compensation."

The statute contains substantially the same provision applicable to trustees. Code Civ. Proc. § 3320.

The guardian ad litem of two infant life tenants of the residuary estate has petitioned this court as a "friend" of the wards and prays for the revocation of the letters heretofore issued to Judson on the ground that under the terms of the will he has disqualified himself as executor and trustee by rejecting the specific compensation bequeathed him.

☜For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

The only provision of the section of the Code governing the removal of an executor or trustee that could possibly have any bearing on the ground for removal urged herein is subdivision 1 of section 2569, Code of Civil Procedure, which is as follows:

"Where the respondent was, when appointed or when letters were issued to him, or has since become incompetent, or disqualified by law to act as such, and the grounds of the objection did not exist, or the objection was not taken by the petitioner, or a person whom he represents, before the letters were granted or the appointment made."

To reach a determination on this question requires an examination of the second and third codicils to the will of the decedent. The second clause of the second codicil, dated January 17, 1910, provides as follows:

"I nominate and appoint Frederick Newton Judson, of St. Louis, lawyer, and J. Angus Shaw, now in the office of the New York World, both executors and trustees of my said will, in addition to the executors and trustees named in my said will or in the codicil dated the twenty-third of March, one thousand nine hundred and nine, with like force and effect as if they had been originally named as executors and trustees, *provided, however, that the said Frederick Newton Judson shall only act as executor and trustee until my son Joseph reaches the age of thirty years, and I direct that the power of removal given under my said will shall not extend to the executors and trustees appointed by this codicil.*"

The third clause of the codicil provides as follows:

"In case the said Frederick Newton Judson and J. Angus Shaw, or either of them, shall decline to act as executors and trustees, or, having so acted, shall either by death or disability or of his own wish, cease so to act, then I nominate and appoint Robert Weeks De Forest, of New York, lawyer, as executor and trustee of my said will in place of the said Frederick Newton Judson or J. Angus Shaw, so ceasing to act."

The fourth clause of the codicil provides as follows:

"I give and bequeath to the said Charles Evans Hughes the sum of one hundred thousand dollars ($100,000), *to the said Frederick Newton Judson the sum of fifty thousand dollars (50,000),* to the said J. Angus Shaw the like sum of fifty thousand dollars ($50,000) and to the said Robert Weeks De Forest the like sum of fifty thousand dollars ($50,000), *to be received and accepted by them respectively in lieu of commissions as executors and trustees,* and I direct that no compensation or commission as such shall be paid to them except that in the case of the trusts created under my said will this provision shall not apply to the commissions allowed by law for receiving and paying out the income of the respective trust funds and I direct that no bond or other security shall be required from them."

Judson having elected to claim his regular commissions by his filing the renunciation of the specific compensation bequeathed him as above, it is contended that he has disqualified himself to act as executor and trustee under the following provisions of article VIII of the third codicil, dated May 11, 1910:

"In case Frederick N. Judson or J. Angus Shaw or Robert Weeks De Forest shall fail to act as executor or trustee in the respective cases and *under the respective limitations prescribed in said codicil of January, 1910,* and in case said Harrington Putnam shall not act in place of Charles E. Hughes, then I appoint the said Harrington Putnam to be executor and trustee in the place of said Judson, Shaw or De Forest, as the case may be."

It is urged that the words "under the respective limitations prescribed in said codicil of January, 1910," have reference to the limitation on the compensation of Judson as executor and trustee; that this limitation is emphasized by the provision of the second and third codicils quoted above, providing for the substitution of Robert Weeks De Forest and Harrington Putnam as executors and trustees in case Judson "shall fail to act * * * under the respective limitations," etc.

The petitioner claims that the word "limitations," as used above, was intended by the testator to refer to the specific bequest of $50,000 to Judson in lieu of commissions, and that Judson's acceptance of the compensation fixed by the testator is in the nature of a condition precedent to his appointment and continuance in office as executor and trustee. In this connection it is necessary to examine the will and codicils to see if, as a matter of law, the testator did actually impose such a limitation on the compensation of Judson that his qualification as executor and trustee and his performance of duties as such necessarily implied his irrevocable acceptance of the amount bequeathed him as specific compensation.

In my opinion there is no such limitation upon Judson's right to act as executor and trustee. Under the provisions of the will and codicils Judson undoubtedly had the right to elect between the specific compensation bequeathed him and his regular commissions as executor and trustee. Matter of Arkenburgh, 38 App. Div. 473, 56 N. Y. Supp. 523. If the testator intended to make Judson's appointment conditional upon his acceptance of the limited compensation, that intention was not expressed in the clear and precise language used everywhere else in the will and codicils. I believe the only reasonable interpretation of the word "limitations," as used in the codicil of May 11, 1910, regarding Judson, is that the testator referred only to the fact that Judson, unlike almost all of the others named as executors and trustees, was to serve only until testator's son Joseph reached the age of 30, and was not given the power of removal like most of the others (codicil of January 17, 1910). As Judge Bartlett said in Matter of Arkenburgh, supra, "persons who make wills are supposed to know the law," and it must be assumed that the testator knew that Judson could have acted as executor and trustee and collect the usual commissions, notwithstanding the provision for specific compensation. A perusal of the will and codicils, and a study of the clear, precise, and unambiguous language employed throughout the will and codicils make it plain that, if the testator's intention had been as asserted by the petitioner herein, it would have been phrased in language whose meaning would be plain and unmistakable.

Decreed accordingly.